UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. WADDELL, | No. 2:16-cv-1210 MCE CKD P |
| Petitioner, | |
| v. | ORDER & |
| RONALD RACKLEY, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

I. Introduction

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner is serving a 15-year prison term pursuant to a 2009 conviction in the San Mateo County Superior Court for assault with a deadly weapon. (ECF No. 1 at 1; ECF No. 1-3, Ex. C.) He challenges a 2015 decision by the Board of Parole Hearings (BPH) denying his release on parole for five enumerated reasons. (Id. at 5; see ECF No. 1-1, Ex. A.) Citing these reasons, the BPH concluded that petitioner "continues to pose an unreasonable risk of violence to the community." (ECF No. 1-1, Ex. A.) Petitioner asserts that these reasons are not supported by evidence in the record. (Id.)

1

II. <u>Discussion</u>

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or the governor. <u>Swarthout v. Cooke</u>, 562 U.S. 216 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. <u>Id.</u> at 220-21. Federal due process protection for such a state-created liberty interest is "minimal," the determination being whether "the minimum procedures adequate for due-process protection of that interest" have been met. The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of the reasons why parole was denied. <u>Id.</u> at 221; <u>Miller v. Oregon Bd. of Parole and Post– Prison Supervision</u>, 642 F.3d 711, 716 (9th Cir. 2011) ("The Supreme Court held in <u>Swarthout</u> that in the context of parole eligibility decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end of" a federal habeas court's analysis of whether due process has been violated when a state prisoner is denied parole. <u>Swarthout</u>, 562 U.S. at 220. The Ninth Circuit has acknowledged that after <u>Swarthout</u>, substantive challenges to parole decisions are not cognizable in habeas. <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046 (9th Cir. 2011).

Here, petitioner's claim that the BPH's decision was not supported by record evidence is not cognizable in habeas under <u>Swarthout</u>. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." For the foregoing reasons, and because it does not appear that the petition can be cured by amendment, the petition should be summarily dismissed.

////

////

2

Accordingly, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that the petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ wadd1210.parole